Huffin, C. J.
As the amount of the costs, which the defendant agreed to pay and did pay, is not stated, and the opinion of the Court was given against the plaintiff without any reference to the amount, it must be understood, that the opinion rested exclusively upon the agreement, that the bond should be void or be delivered up, if or when the defendant should pay the costs, whether more or iess, and upon the fact, that he had paid them. That is clearly erroneous; for, it is, plainly, nothing less than annexing, upon parol evidence, a condition to a bond, which is absolute upon its face. If the agreement had been, that the plaintiff would accept a deed from the defendant for a tract of land, or any other collateral matter, in satisfaction of the money for which the bond was given, and the thing had been done and accepted accordingly, it is true the defendant would have been discharged, as there would then be an actual subsequent satisfaction, and it would be immaterial when the plaintiff first agreed that he Would accept such satisfaction. But in the present case the alleged agreement is, that the ■plaintiff would accept a less sum of money, whenever paid, in discharge of a bond for a larger sum: which is a thing that cannot be, unless the larger sum be regarded in the light of a penalty, to be saved on the condition of paying the smaller; and it is against fundamental principle to admit parol evidence to establish such a condition, in opposition to the tenor of the bond. If, indeed, the defendant paid tfoe costs in question or any part of *147 them, we should hold the amount thus paid to be a payment, pro tanta, upon the bond sued on ; for, If a creditor by bond request the obligor to pay a sosa ©f money to a particular person and agree that sash payment shall be allowed as a payment of so much of the obligation, there is no doubt that it may accordingly be treated as a payment or satisfaction to that extent» And it cart make no difference whether the request be at or after the execution ©f the obligation-; since, if the former, it is a continuing request, and, until countermanded, authorises the debtor, in confidence thereof, t© make the payment t© a third person. Therefore, the defendant was entitled to credit on the bond for what he paid to the Clerk under the agreement. But that was all he was entitled to, and he could not ask for a verdict, that he had paid or satisfied the whole sum mentioned in the bond, by having paid a less sum to or for the plaintiff — since that, in' law, is not such payment or satisfaction.
Pee Curiam Judgment reversed and venire de n&oa.